PER CURIAM:
On June 11, 1990, around 4:00 p.m., the claimant, a resident of Clarksburg, Harrison County, was driving his 1984 Mercury Marquis station wagon on U.S. Route 50 west when his vehicle passed over a broken section of payment near the Sun Valley exit and sustained damage to the undercarriage of his vehicle, including the catalytic converter. An estimate for repairs in the amount of $1,130.53 was submitted by the claimant and stipulated by the respondent. An additional unstipulated sum was sought for car rental and work loss for a total claim brought in the amount of $2,500.00. The claimant was not injured in the accident. Claimant’s automobile insurance reimbursed him in the amount of $1,030.53. The claimant ha a $100.00 deductible provision in his policy.
Claimant testified that his vehicle struck broken concrete standing about 12 to 16 inches high in his lane of travel. He had just passed a slower vehicle on this four lane highway when suddenly a broken concrete block appeared in front of the path of his vehicle. He was *122 unable to avoid the obstruction of the highway by stopping or steering around it. Ric hard Alan Brown, a maintenance crew leader for respondent who was responsible for U.S. Route 50 within Harrison County, testified that he was advised of the broken section of concrete around 5:15p.m., and promptly initiated repairs.
James Beer, area maintenance engineer for respondent, explained that the pavement on this particular highway experiences thermal expansion during periods of dry, hot days which causes the concrete pavement to fracture. The highway was constructed in the early 1970's under a continuous concrete pour technology. This method of construction has been discontinued as a construction practice. Expansion joints have been installed in an attempt to reduce the problems of thermal expansion and to protect against the resulting road destruction. The only permanent remedy is to break all of the concrete to relieve the stress and then to resurface over the concrete. This would be a rebuilding of the road using the old concrete as the base of the road surface.
Claims brought upon a theory of faulty design are not justiciable in the Court of Claims if the highways was constructed more than ten years prior to the incident which brought about the claim as there is a ten year Statute of Repose which has been construed to apply to the respondent Division of Highways by the W.Va. Supreme Court of Appeals in the matter of Gibson v. W.Va. Dept. of Highways, et. al., 185 W.Va. 214, 406 S.E.2d 440, (1991). Accordingly, counsel for the claimant argues that this accident was not the result of negligent design, but due to negligent maintenance.
The issue before the Court in determining negligent maintenance in the instant claim is whether the respondent had prior notice and a reasonable amount of time to correct the road defect before the claimant’s accident. The facts establish that the respondent did not have prior notice, and the claimant has failed to prove otherwise. The burden of proof is upon the claimant to demonstrate with a preponderance of the evidence that the respondent had actual or constructive notice of the road defect. The occurrence of thermal expansion on a highway cannot be predicted by respondent. As the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, the Court msut deny this claim. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damage caused by the road defect, it must have had actual or constructive notice of the condition and a reasonable amount of time to take corrective action. Davis v. Dept. of Highways, 11 Ct. cl. 150 (1977). It is the opinion of the Court that the respondent did not have adequate notice of the broken concrete to repair the same nor sufficient time in which to warn the traveling public of the hazard.
In accordance with the findings of fact and conclusions of law as stated hereinabove, the Court is of the opinion to and does deny this claim.
Claim disallowed.